UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO SCALANT,<br><br>        Plaintiff,<br><br>   v.<br><br>SANTA CRUZ COUNTY ADMINISTRATION, et al.,<br><br>        Defendants. | Case No. 25-cv-01204-RFL<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Alberto Scalant, a detainee at Santa Cruz County Jail, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. He seeks a new public defender in his state criminal murder case and monetary damages. The original complaint was dismissed with leave to amend, and Plaintiff filed an amended complaint. The amended complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A(a).

This case will be dismissed because Plaintiff has failed to state a claim for relief. The federal court cannot interfere with ongoing state criminal proceedings and a public defender does not act under color of state law for Plaintiff to obtain money damages under 42 U.S.C. § 1983. If Plaintiff believes his public defender is not providing effective assistance of counsel, his remedy is to bring a motion in his state criminal case, not in the federal court.

This federal civil rights action is DISMISSED.

## DISCUSSION

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff seeks a new public defender in his state criminal murder case and monetary damages.  He contends that his public defender is performing negligently.  Plaintiff argues that the public defender is not obtaining and providing him with all the relevant discovery and some of the discovery is being manipulated by police.  He does acknowledge that his public defender recently filed a motion on his behalf that was successful, and he received additional discovery. (Dkt. No. 7 at 4.)

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent

extraordinary circumstances.  *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971).  Absent extraordinary circumstances, abstention under the *Younger* principle is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings implicate important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so.  *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

With respect to Plaintiff's request for the Court to assign new counsel, he has not demonstrated extraordinary circumstances to warrant federal court intervention.  Here, all of the *Younger* criteria are satisfied.  First, the state proceedings are pending, because Plaintiff is clear that he is the subject of ongoing criminal proceedings.  Second, state criminal proceedings involve important state interests.  *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.").  Third, Plaintiff is not barred from litigating his federal constitutional issues in state court.  Fourth, the instant federal action threatens to interfere with the state criminal proceedings in a manner that *Younger* disapproves by inserting federal court oversight into an ongoing state criminal proceeding.  The amended complaint fails to demonstrate extraordinary circumstances to warrant federal court intervention.

As to Plaintiff's request for monetary relief due to the performance of the public defender, his amended complaint still fails to state a valid legal claim, even if Plaintiff's appointed attorney is not performing as required.  A public defender does not act under color of state law, which is a required element to bring a viable claim under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments.  *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981); *accord Vermont v. Brillon*, 556 U.S. 81, 92 (2009).  It does not matter

that the public defender failed to exercise independent judgment or that she was employed by a public agency; it is the nature and context of the function performed by the public defender that is determinative under *Polk County*.  *See Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003).

This action is dismissed without leave to amend, because allowing additional amendment would be futile.  *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (district court may deny leave to amend where there have been repeated failures to cure deficiencies by amendment).

## CONCLUSION

This federal civil rights suit is DISMISSED for failure to state a claim.

The Clerk shall enter judgment in favor of Defendants and close the file.

**IT IS SO ORDERED.**

Dated: April 15, 2025

RITA F. LIN
United States District Judge